# 200080698

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MARYLAND

IN RE:  JOSEPH E. SAUNDERS         CASE NO.  13-18333

                          :
                          :
           DEBTOR.          :      CHAPTER 7

---

ANGELIA Y. HAWKES           :
     (f/k/a Angelia Y. Saunders)    :
           PLAINTIFF,     :     ADV. PROC. NO. 13-453

**FILED**

        vs.                      :

AUG 1 2 2013

JOSEPH E. SAUNDERS        :

          DEFENDANT.     :

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
## UNDER 11 U.S.C. §523(a)(15)

Plaintiff, Angelia Y. Hawkes (formerly known as Angelia Y. Saunders) hereby represents as follows:

1.     The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. 157(a), (b)(1), (b)(2)(I) (core proceeding), 1334(b) and 11 U.S.C. 523(c).

2.     On May 13, 2013, the Defendant, Joseph E. Saunders filed a voluntary Chapter 7 petition, commencing the above case.

3.     Plaintiff is the holder of a claim against the Defendant in the amount of $7,500.00, representing the amount of attorney's fees of Plaintiff adjudged, ordered and decreed to be paid by the Debtor under the terms of a final decree of divorce between the parties entered by the Circuit Court of Fairfax County, Virginia, Terrence Ney, Judge, on July 16, 2012.  A true copy of the said final order is attached as Exhibit A.

4.     No part of the claim has been paid by the Defendant and is fully due and owing.

5.     The said final decree of divorce between the parties is final and non-appealable.

## FIRST CAUSE

6.    Paragraphs 1 through 5 are hereby repeated and incorporated as if fully set forth herein.

7.    Pursuant to 11 U.S.C. §523 (a) (15), a discharge under §727 does not discharge an individual debtor from any debt

"(15) To a spouse, former spouse….and not of the kind described in paragraph (5) that is incurred by the debtor in course of a divorce….or in connection with a …divorce decree…."

8.    The instant debt from Defendant to Plaintiff was indeed incurred by the Debtor in the course of the parties' divorce and in connection with the divorce decree at Exhibit A.

9.    Under Virginia law applicable to this case, attorney's fees are nondischargeable when ancillary to an original divorce award.  In re Sposa, 31 B.R. 307 (Bankr. E.D.Va. 1983); Matter of Smith, 3 B.R. 224 (Bankr. E.D.Va. 1980; In re Silansky, 897 F.2d 743 (4th Cir. 1990); In re Dahlin, 94 B.R.79 (Bankr. E.D.Va. 1988); In re Macys, 115 B.R. 883 (Bankr. E.D.Va. 1990).

10.  For the reasons above the balance of the Plaintiff's claim in the amount of $7,500.00 is nondischargeable pursuant to 11 U.S.C. §523(a)(15).

WHEREFORE, Plaintiff prays this Honorable Court for a nondischargeable judgment pursuant to 11 U.S.C. §523(15) against the Defendant, Joseph E. Saunders, in the amount of $7,500.00 plus attorneys' fees, interest  and costs, or any other such relief as the Court may deem appropriate.

Respectfully submitted,

Dated:  August 8, 2013          By: *Angelia V. Hawkes*

Angelia V. Hawkes, *pro se*
13493 Wansteadt Place
Bristow, VA 20136



**V I R G I N I A :**

### IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | |
|---|---|
| ANGELIA Y. SAUNDERS, | ) |
|          **Complainant,** | ) |
| | ) |
| v. | )    **Case No. 2011-14277** |
| | ) |
| JOSEPH E. SAUNDERS, | ) |
|          **Defendant.** | ) |

### <u>FINAL DECREE OF DIVORCE</u>

**THIS CAUSE** came to be heard upon the Complaint filed herein, the pleadings of both parties, and trial in this matter held on the 11ᵗʰ day of July, 2012; and

**UPON CONSIDERATION** thereof, the evidence at trial, including testimony and exhibits, as well as the arguments and representations of counsel and the parties; and

**WHEREUPON** this Honorable Court considered all the factors set forth in § 20-107.3 of the Code of Virginia as well as all the factors set forth in § 20-107.1 of the Code of Virginia; and

**IT APPEARING** to the Court:

1. The Parties were lawfully married July 30, 1986 in Hampton, Virginia.

2. Three children were born to the parties, namely, Darius Joseph Saunders, born October 3, 1994; Brandon Kalil Saunders, born June 29, 1996 and Justin Aaron Saunders, born April 19, 1998.

3. The Parties last cohabited in Fairfax County, Virginia.

4. The Wife is domiciled in and has been a *bona fide* resident of, the Commonwealth of Virginia for at least six months preceding the commencement of this suit.

5. Both Parties are over the age of eighteen (18) and are competent.

6. The Parties are not now members of the Armed Forces of the United States nor were they

1


EXHIBIT
A

for six months preceding the commencement of this action.

7.    The Parties have lived separate and apart without cohabitation and without interruption since on or about July 19, 2005.

8.    The separation is intended by at least one of the parties to be permanent.

9.    There exists no possibility of reconciliation.

**WHEREUPON**, pursuant to §20-60.3, Code of Virginia, the parties are hereby notified of the following provisions of Virginia law and the parties hereby represent to this Court that the information provided below is accurate:

**NOTICES and INFORMATION:**

1.  Support payments may be withheld as they become due pursuant to §20-79.1 or §20-79.2, from income as defined in §63.2-1900, without further amendments of this Order or having to file an application for services with the Department of Social Services.

2.  Support payments may be withheld pursuant to Chapter 19 (§63.2-1900, et seq.) of Title 63.2 without further amendments to the order upon application for services with the Department of Social Services.

3.  A duty of support is owed for the following children of the parties:

| Name | Date of Birth | Resides With | SSN ending |
|------|--------------|-------------|-----------|
| Darius Joseph Saunders | October 3, 1994 | Mother | xxx-xx-9073 |
| Brandon Kalil Saunders | June 29, 1996 | Mother | xxx-xx-6932 |
| Justin Aaron Saunders | April 19, 1998 | Mother | xxx-xx-3736 |

4.  The following is true information regarding the parties who are subject of this Order:

**Mother:**                                              **Angelia Saunders**

        Date of Birth:                                  January 1, 1963
        SSN:                                            (See Private Addendum)
        Drivers License #:                              A66-07-3676
        State of Issuance:                              Virginia

2

| | |
|---|---|
| Address: | 139493 Wansteadt Place |
| | Bristow, Virginia |
| Home Phone #: | (703) 868-2573 |
| Employment: | Department of Defense |
| Address: | 8725 John J. Kingman Rd., Suite 2135 |
| | Ft. Belvoir, Virginia 22060 |
| Work Phone #: | (703) 556-3539 |

**Father:**                                          **Joseph Saunders**

| | |
|---|---|
| Date of Birth: | April 9, 1962 |
| SSN: | (See Private Addendum) |
| Drivers License #: | ~~xxxx~~ S 536 441 237 278 |
| State of Issuance: | Maryland |
| Address: | 45221 Woodstown Way |
| | California, MD 20619 |
| Home Phone #: | (703) 981-4647 |
| Employment: | Unemployed |
| Address: | n/a |
| Work Phone #: | n/a |

The **Father** is responsible for support.

    5.  Pursuant to §20-124.2, support will continue to be paid for any child over the age of 18 who is ( I ) a full-time high school student, (ii) not self-supporting, and (iii) living in the home of the party seeking or receiving child support until such child reaches the age of 19 or graduates from high school, whichever occurs first and that the court may also order the continuation of support for any child over the age of 18 who is (a) severely and permanently mentally or physically disabled, (b) unable to live independently and support himself, and (c) residing in the home of the parent seeking or receiving child support.

    6.    A petition may be filed for the suspension of any license, certificate, registration or other authorization to engage in a profession, trade, business, occupation or recreational activity issued by the Commonwealth of Virginia to a person responsible for support as provided in §63.2-1937, upon a delinquency for a period of ninety days or more or in an amount of $5,000 or more.

    Neither party hold such a license.

3

7. a.  The Order of this Court as to the amount and terms of the child support are as set forth in the support provisions of this Decree.

The payment of child support shall continue to be paid by the Defendant through the Division of Child Support Enforcement.

b.  The Order of this Court as to the amount and terms of spousal support are as set forth in the support provisions of this Decree.

8. a.  The Orders of this Court as to health care coverage for children, spouse or former spouse and any policy information are set forth in the health care provision of this Order.

b.  This Order contains a statement whether cash medical support, as defined in § 63.2-1900 are to be paid by or reimbursed to a party pursuant to Subsections D and G of §20-108.2, and if such expenses are ordered, then the provisions governing how such payment is to be made.

9.  The Order of this Court as to the amount and terms of any arrearages in support is set forth in the arrearage provision of this Order.

10.  If child support payments have been ordered, then, unless the Court orders otherwise for good cause shown, the parties shall give each other and this Court at least thirty days advance written notice of any change in address, and shall give notice of any change of telephone number within thirty days after the change.  The parties shall give these notices to each other and, when payments are to be made through the Department of Social Services (DSS), to the DSS.

11.  If child support payments are ordered to be paid through the (DSS), the obligor shall keep the DSS informed of his or her current employer's name, address and telephone number.  If payments are made directly to the obligee then the obligor shall keep this Court informed of his or her current employer's name, address and telephone number.

12.    In the event that child support payments are ordered to be paid to the Department of Social Services, the party obligated to provide health care coverage shall keep the Department of Social services informed of any changes in the availability of health care coverage for the minor child or children, or if payments are ordered to be paid directly to the

4

obligee, the party obligated to provide health care coverage shall keep the other party informed of any changes in the availability of the health care coverage of the minor child or children.

13. The separate amounts due to each person under this Order for child support, for spousal support or for a unitary award, or the affirmation of a separation agreement, are set forth in the support provision of this Order.

14. In determination of a support obligation, the support obligation as it becomes due and unpaid creates a judgment by operation of law. Notice is further provided , pursuant to §20-78.2, that any judgment shall accrue interest on the arrearage at the judgment rate of interest established by §6.2-302 unless the obligee, in a writing submitted to the court, waives the collection of interest.

15. The Department of Social Services may, pursuant to Chapter 19 (§63.2-1900, et seq.) of Title 63.2 and in accordance with §20-108.2 and §63.2-1921, initiate a review of the amount of support ordered by any court.

16. If any arrearages for child support, including interest or fees, exist at the time the youngest child included in the order emancipates, payments shall continue in the total amount due (current support plus amount applied toward arrearage) at the time of emancipation until all arrearages are paid.

17. Notice is hereby given that in cases enforced by the Department of Social Services, the department of Motor Vehicles may suspend or refuse to renew the driver's license of any person upon the receipt of notice from the Department of Social Services that the person (I) is delinquent in the payment of child support by 90 days or more or in an amount of $5,000 or more or (ii) has failed to comply with a subpoena, summons, or warrant relating to paternity or child support proceedings.

**WHEREFORE**, It is:

**ADJUDGED, ORDERED** and **DECREED** that the Wife, ANGELIA Y. SAUNDERS, be and hereby is, granted a divorce a vinculo matrimonii from the Husband, JOSEPH E. SAUNDERS, on the ground of having lived separate and apart without any cohabitation and without interruption, for a period of one (1) year, since the date of July 19, 2005 and that the

5

bonds of matrimony heretofore existing between the parties are hereby declared to be dissolved; and it is further

**ADJUDGED**, **ORDERED** and **DECREED** that the Parties shall have joint legal custody of the Children with the Wife shall have primary physical custody of the Children as is more particularly described by the Custody Order entered by this Court. It is further

**ADJUDGED, ORDERED AND DECREED** that the Husband shall continue to pay to the Wife the sum of <u>Four hundred thirty-two</u> EVEN DOLLARS ($432.00) per month for the support and maintenance of the minor Children, the first payment of $432.00 being due and payable on the first day of each month and shall continue to be paid on the 1st day of each month thereafter through June of 2013, at which time the oldest child shall graduate from high school. Thereafter, the Husband shall continue to pay to the Wife the sum of <u>two-hundred eighty-eight</u> EVEN DOLLARS ($288.00) per month for the support and maintenance of the minor Children, the first payment of $288.00 being due and payable on the first day of each month and shall continue to be paid on the 1st day of each month  the Children shall attain the age of eighteen (18) years, marries, dies, becomes self-supporting or otherwise becomes emancipated, whichever event first occurs.  For the purpose of this Agreement, the Child shall become emancipated on the occurrence of any one of the following events, whichever first occurs:



1.    The attainment of the Child of his eighteenth (18th) birthday, or, in the event that the Child has not graduated from high school at the time of his eighteenth (18th) birthday, until his graduation from high school, but in no event later than when the Child attains age nineteen (19), whichever first occurs;

2.    The valid marriage of the Child;

3.    The full and permanent employment of the Child, excluding vacation and seasonal employment of a temporary nature; or

4.    The lawful entry of the Child into active duty in the Armed Forces of the United States for a term of service of not less than one year.

**ADJUDGED, ORDERED AND DECREED** that Health Care Coverage and Medical Expenses shall be governed by the following terms:

a.    <u>For Minor Children</u>:  The Wife is to provide  insurance for the Children.

6

The current coverage for the parties' minor children is provided by MDIPA (Member ID 958161261).

  b. <u>For Spouse or Former Spouse:</u> Each Party shall be responsible for their own individual health insurance.

  c. <u>Unreimbursed Medical Expenses:</u> Pursuant to Virginia Code § 20-108.2(D), the parties shall divide any reasonable and necessary unreimbursed medical or dental expenses that are in excess of $250.00 for any calendar year in proportion to their monthly gross incomes (at this time, such division shall be set as follows: Husband 20%; Wife 80%). Reimbursement of all such expenses shall be made directly within sixty (60) days after proof of payment is given to the other party.

  **ADJUDGED, ORDERED AND DECREED** that neither party shall pay the other spousal support. It is further

  **ADJUDGED, ORDERED AND DECREED** that the Wife shall receive fifty percent (50%) of the marital share of the Husband's military pension. The marital share shall be defined as the number of months of creditable service earned from the date of marriage (July 30, 1986) through the date of ~~separation (July 19, 2009)~~ retirement divided by the total months of creditable service at retirement. ~~Beginning August 1, 2012 the Wife shall receive $656.50 by direct payment from the Husband until such time that the Wife receives direct payment from DFAS. Based upon the exact payment from DFAS, the parties shall the calculate any difference in the payment and such overpayment (or underpayment) shall immediately be paid to the other party.~~ It is further

  **ADJUDGED, ORDERED AND DECREED** that the Husband shall receive fifty percent (50%) of the marital share of the Wife's pension through her employment with the federal government (FERS). The marital share shall be defined as the number of months of creditable service earned from the date of marriage (July 30, 1986) through the date of separation (July 19, ~~2009~~ 2005) divided by the total months of creditable service at retirement. It is further

  **ADJUDGED, ORDERED AND DECREED** that the Husband shall receive fifty percent (50%) of the ~~marital share~~ value of the Wife's Thrift Savings Plan as of the date of separation ~~plus growth or loss thereon due to market forces.~~ (July 19, 2005) It is further



7

ADJUDGED, ORDERED AND DECREED that the Husband shall pay the attorneys' fees of the Wife in the amount of $7,500.00 within six (6) months.  It is further

ADJUDGED, ORDERED AND DECREED that the arrearage as of July 12, 2012, pursuant to the accounting of the Division of Child Support Enforcement (including current support, interest charges and any debt owed to the Commonwealth of Virginia) is $2,089.89.

ADJUDGED, ORDERED AND DECREED that each party shall give at least thirty (30) days' advance notice in writing to the Court and to the other party before relocating or changing his or her residence, pursuant to VA. CODE ANN. § 20-124.5.  Such written notice shall provide the Court and the other party with the intended date of change of address and the new physical address.

ADJUDGED, ORDERED AND DECREED that pursuant to VA. CODE ANN. § 20-124.6, notwithstanding any other provision of law, neither parent, regardless of whether such parent has custody, shall be denied access to the academic or health record of that parent's minor child unless otherwise ordered by the court for good cause shown.

ADJUDGED, ORDERED AND DECREED that the child support shall continue to be paid through the Department of Child Support Enforcement

*ADJudged and Decreed that ~~Mother~~ shall have all tax exemptions for Justin in Even-numbered years. Father shall have tax exemptions for Davius & Brandon in all even numbered years.  In odd years the tax exemptions shall be reversed.*

THIS CAUSE IS FINAL FOR PURPOSES OF DIVORCE; HOWEVER, JURISDICTION IS HEREBY SPECIFICALLY RESERVED AND THIS CAUSE IS CONTINUED FOR ENTRY OF A QDRO OR SIMILAR ORDER DIVIDING THE PARTIES' PENSION/RETIREMENT ACCOUNTS, OR AS OTHERWISE NEEDED TO EFFECT THE TERMS OF THE COURT'S RULING.

8

ENTERED: _July 16, 2012_

_[signature]_

Judge, Fairfax Circuit Court

Seen and _Agreed_:

_[signature]_

Alexander E. Morgan, Esq.
VSB # 43580
Hartsoe & Morgan, P.L.L.C.
4084 University Drive, Suite 100-A
Fairfax, Virginia 22030
(703) 591-3100
FAX: (703) 273-7292
Counsel for the Mother

Seen and _Agreed_:

_[signature]_

Joseph E. Saunders
45221 Woodstown Way
California, MD 20619
(703) 981-4647

A COPY TESTE:
JOHN T. FREY, CLERK
BY: _Ana M Quinton Blanco_
Deputy Clerk
Date: _6-4-13_
Original retained in the office of
the Clerk of the Circuit Court of
Fairfax County, Virginia

_CL 11-14277_

9