**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Greenbelt**

FILED
SEP 11 2013
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT

IN RE
**ANGELIA HAWKES**                         Case No. 13-18333
      Plaintiff(s)                 ADV. PROC. NO.

vs.                                        ANSWER, AFFIRMATIVE DEFENSES,
**JOSEPH SAUNDERS**                        COUNTERCLAIMS
      Defendant(s)

**ANSWER**

Jurisdiction is established by 28 U.S.C § 1334 and 28 U.S.C. § 157. Defendant(s) answer the complaint as follows:

1. Admit the statements contained in paragraph numbers: 1,2,3,4,6.

2. Deny the statements contained in paragraph numbers: 5,7,8,9,10.

**AFFIRMATIVE DEFENSES**

3. Debtor does not have the ability to pay such debt from income or property 11 U.S.C. §523(a) (15) (a) (b).

4. Discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor. 11 U.S.C. §523(a) (15) (a) (b).

5. The debtor has been insolvent before the commencement of the divorce and bankruptcy under this title and during the case and before the grant of the discharge.

6. The debtor's debt of former spouse attorney's fees is not for domestic support and is an inequity resulting from the decision which the debtors financials were not reviewed; resulting in an injustice and unfairness.; moreover if this debt is not discharged the debtor who is unable to pay will be incarcerated and punish for not being able to pay the debt.

7. The former spouse receives 50% of the debtors disposable income rendering the debtor insolvent.

8. The premise of bankruptcy is to give the debtor a fresh start. In this case the debtor will not receive a fresh start if he is to fight off incarceration. If this debt is not discharged the debtors consequence will outweigh any benefit of that of the former spouse or children.

## COUNTERCLAIMS

Plaintiff owes the defendant $20,000 because: the Plaintiff violated the automatic stay, 11 U.S.C. § 362 (a)(6) by proceeding with a Rule to Show Cause against the debtor heard on May 17, 2013, in the Circuit Court of Fairfax County Virginia for the payment of attorney fees. The Plaintiff and her attorney was made aware of the Bankruptcy filing and proceeded to ask the judge during the hearing to punish and incarcerate the debtor for a period of 90 days for contempt. This action has caused the debtor anxiety, stress, duress, and embarrassment; as the plaintiff requested the debtor be incarcerated at the time of the high school graduation of their first son. Attached:

Exhibit 1

Exhibit 2

This is a core claim. The defendant(s) do consent to entry of final order of judgment by the bankruptcy judge.

**WHEREFORE,** the Defendant request that this lawsuit be dismissed and that a judgment be entered against the plaintiff for the counterclaim, cost, and/or attorney fees.

DATED this 10th day of September, 2013

Respectfully submitted,

*/s/ Joseph Saunders*
Joseph Saunders
45221 Woodstown Way
California MD, 20619
Phone: 703.981.4647

### CERTIFICATE OF SERVICE

I, hereby certify that on September 10, 2013 a copy of the following Answer to the Plaintiff's Determination of Dischargeability of Debt was mailed first class postage to:

Angelia Hawkes
13493 Wansteadt Place
Bristow, VA 20136

*/s/ Joseph Saunders*
Joseph Saunders

**VIRGINIA:**

**IN THE CIRCUIT COURT OF FAIRFAX COUNTY**

| | |
|---|---|
| ANGELIA Y. HAWKES, | ) |
| (f/k/a Angelia Y. Saunders) | ) |
| | ) |
| Complainant, | ) |
| | ) |
| v. | )  Case No. 2011-14277 |
| | ) |
| JOSEPH E. SAUNDERS, | ) |
| | ) |
| Defendant. | ) |

**AFFIDAVIT AND PETITION FOR RULE TO SHOW CAUSE**

**COMES NOW** Complainant Angelia Y. Hawkes ("Complainant"), by counsel, and requests this Court to issue a Rule to Show Cause against Defendant Joseph E. Saunders ("Defendant"), and in support thereof, the Mother states as follows:

1. The parties were divorced by a Final Decree of Divorce ("Final Decree") after an Equitable Distribution trial entered by the Honorable R. Terrence Ney on July 16, 2012.

2. Pursuant to page 8 of the Final Decree, it was:

**ADJUDGED, ORDERED AND DECREED** that the Husband shall pay the attorneys' fees of the Wife in the amount of $7,500.00 within six (6) months.

3. Based on the Final Decree the Defendant should have paid the Complainant such funds by January 16, 2013. No funds were received by the Complainant.

4. Complainant's counsel sent a good faith letter (via electronic and first class mail) to address the Defendant's deficiency on February 5, 2012 with demand that such violation be cured. (Exhibit A)

5. To date, neither there has neither been a response nor payment from the Defendant.

HARTSOE & MORGAN, P.L.L.C.
201-F ROYAL STREET, SE
LEESBURG, VIRGINIA 20175
(703) 771-4200

4084 UNIVERSITY DRIVE
SUITE 100-A
FAIRFAX, VIRGINIA 22030
(703) 591-3100

MOTIONS DOCKET
2013 MAR 29 PM 2:05
CLERK, CIRCUIT COURT
FAIRFAX, VA

Exhibit 1

6. As a result thereof, the Defendant has violated the terms of the Final Decree of Divorce and should be held in contempt.

**WHEREFORE**, the Complainant requests this Court, for reasons stated herein:

1) To issue a Rule to Show Cause against Joseph E. Saunders to be heard on a date and time certain requiring him to show cause, if any, why he has failed to obey the aforesaid Orders of this Court;

2) That the Defendant be incarcerated and punished for his contempt of this Court's Order;

3) That the Defendant be required to pay all such sums as the Complainant is due;

4) That the Defendant be required to pay the Complainant's attorney fees and other costs incurred in connection with the Rule to Show Cause;

5) For such other and further relief as this Court deems appropriate.

_____
Angelia Hawkes
(f/k/a Angelia Y. Saunders)

**COMMONWEALTH OF VIRGINIA**
**IN THE COUNTY/CITY OF** FAIRFAX, to-wit:

Appeared before me, a Notary Public for the aforementioned jurisdiction, Angelia Hawkes (f/k/a Angelia Y. Saunders) and affixed her signature to the foregoing instrument and acknowledged the same.

Subscribed and sworn to me this 25th day of March, 2013.

_____
Notary Public

My Commission expires: 2/28/14
Notary Reg. No. 124466

HARTSOE & MORGAN, P.L.L.C.
201-F ROYAL STREET, SE
LEESBURG, VIRGINIA 20175
(703) 771-4200

4084 UNIVERSITY DRIVE
SUITE 100-A
FAIRFAX, VIRGINIA 22030
(703) 591-3100

Page 2 of 3

Respectfully submitted

**Angelia Hawkes**

**By Counsel**

_____
Alexander E. Morgan
VSB No. 43580
Hartsoe & Morgan, P.L.L.C.
4084 University Drive, Suite 100-A
Fairfax, Virginia 22030
(703) 591-3100
FAX: (703) 273-7292

HARTSOE & MORGAN, P.L.L.C.
201-F ROYAL STREET, SE
LEESBURG, VIRGINIA 20175
(703) 771-4200

4084 UNIVERSITY DRIVE
SUITE 100-A
FAIRFAX, VIRGINIA 22030
(703) 591-3100

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

Angelia Hawkes (f/k/a Angelia Y. Saunders)
   Plaintiff(s),

v.                                    Case No.: 2011-14277

Joseph E. Saunders
   Defendant(s).

A COPY TESTE:
JOHN T. FREY, CLERK
BY: _____ Deputy Clerk
Date: _____
Original retained in the office of the Clerk of the Circuit Court of Fairfax County, Virginia
Patricia E. Leukhardt

## ORDER

This matter came to be heard on the 17th day of May, 2013 on the Plaintiff(s)/Defendant(s) motion Rule to Show Cause ~~to dismiss w/out prejudice~~ ~~out of the suit~~.

Upon the matters presented to the Court at the hearing, it is hereby

ADJUDGED, ORDERED, and DECREED as follows:

Rule to Show Cause is ~~dismissed~~ denied w/out prejudice ~~at this point~~. The Rule to be refiled before Judge Kossabam, if plaintiff is so inclined.

Entered this 17 day of May, 2013.

_____
Circuit Court Judge

SEEN AND objected to
_____
Counsel for Plaintiff/Complainant
Ansuler Morgan, 43530

SEEN AND agreed
_____
Counsel for Defendant

Exhibit 2