## UNITED STATES BANKRUPTCY COURT FOR THE
## DISTRICT OF MARYLAND
## AT GREENBELT

| | | |
|---|---|---|
| **ANGELIA Y. HAWKES** | ) | **Case No: 13-18333** |
| **(fka. Angelia Y. Saunders)** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Adversary No. 13-00453** |
| | ) | |
| **JOSEPH E. SAUNDERS** | ) | |
| **Defendant,** | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S FIRST SET OF REQUESTS FOR INTERROGATORIES

Pursuant to Rule 33, you are requested to answer the following interrogatories.  The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.

## YOU ARE HEREBY REQUESTED TO RESPOND

1.  Please provide a) your current residential address, b) how long have you resided at that address, c) your occupation, d) the name and address of your employer, and c) your social security number [use a privacy addendum].

2.  Give the following information as to all real estate interest held in your name, individually or jointly with any other person, or by any legal entity in which you have more than a 10% ownership interest, including all real estate interest currently held a) the type of property (i.e., house condominium, etc.) b) the address of the property, c) the name, address, and telephone number and percentage interest of all owners, d) the date the property was acquired,

1


Exhibit 6

5. Responses were handwritten and are not legible, confusing and not in the standard of the U.S. Bankruptcy Court.

6. Discovery documents you received from the Defendant propounding discovery were lined through, scratched out, and/or written over by the Plaintiff, in attempts to not take the time to properly respond to discovery.

Sincerely,

Joseph Saunders

## CERTIFICATE OF SERVICE

I certify that on this 10th day of November 2013, a true and accurate copy of the Defendant's Discovery Deficiency Letter was sent, first class mail, postage prepaid to:

Angelia Y. Hawkes
13493 Wansteadt Place
Bristow, VA 20136

e) deed, and f) the present value of the property.

3.   Provide the following information as to all bank accounts owned by you individually, or jointly with any other person: a) the name and address of the bank in which the account is held, b) the type of account, c) the percentage interest of all owners, d) the account number, and e) the present balance of the account.

4.   For each of the attached Request for Admissions for which you give any response other than a complete admission, please explain the reason why you cannot admit the request, and the basis for your belief.

5.    Identify each person whom the Plaintiff expect to call as an expert witness and, for each such person identified state: the subject matter on which he is expected to testify: the substance of the facts and opinion to which he is expected to testify, and summary of grounds of each opinion.

6.    Provide the following information as to all checking, savings, credit union and money market accounts, or CD's, held in the name of the Plaintiff regardless of whether such accounts are held individually or jointly name of institution; type of account; account number; how the accounts is titled; and the present value.

7.    Provide the following as to any annuities, mutual funds, stocks, bonds, U.S. Savings Bonds or other securities or investments funds, (exclusive of IRA's and other retirement funds) owned by you individually or jointly with any other person(s): description of assets and issuing entity: by whom owned: and present value.

8.  Provide the following information as to your Individual Retirement Account (IRA), KEOUGH Plan, SEP (Simplified Employee Pension) accounts, 401(k) accounts, 403(b) (tax deferred annuities) accounts, Thrift Savings Plan or other similar retirement accounts including defined benefit, money purchase, target benefit and other profit-sharing plans: name of institutions, type of account, account number: how titled; and present value.

9.  Identify all the Plaintiff's employers in the last five years, including present employment, and for each such employer, provide the following information: name and address, position, years of service, and annual salary and benefits.

Respectfully submitted,

JOSEPH E. SAUNDERS

45221 Woodstown Way
California, MD 20619
703.981.4647

## CERTIFICATE OF SERVICE

I certify that on this 18th day of October 2013, a true and accurate copy of the Defendant's First Set of Interrogatories was sent, first class mail, postage prepaid to:

Angelia Y. Hawkes
13493 Wansteadt Place
Bristow, VA 20136

3

UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MARYLAND
AT GREENBELT

| | | |
|---|---|---|
| ANGELIA Y. HAWKES | ) | Case No: 13-18333 |
| (fka. Angelia Y. Saunders) | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Adversary No. 13-00453 |
| v. | ) | |
| | ) | |
| JOSEPH E. SAUNDERS | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S FIRST SET OF PRODUCTION OF DOCUMENTS

Pursuant to Rule 34, you are requested to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control within 30 days after service of the Production of Documents: (A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or (B) any designated tangible things; or (2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

## INSTRUCTIONS:

1.  This request for production of documents is to be produced at 45221 Woodstown Way, California, Maryland, 20619.

2.  As used herein, the term "document" shall include, but not be limited to: recordings of any kind and the original or drafts of any kind of written or graphic matter, however produced, reproduced, or stored, of any kind or description, whether sent, received or neither and all copies thereof which are different in any way and include, but are not limited to: recordings of telephone conversations, interviews, meetings, and conferences.

3.  As used herein, the term "Plaintiff" means the Complainant, his assign, attorneys,

1

*Exhibit 7*

employees, agents, family members and all other persons acting or purporting to act on behalf of the Plaintiff.

4.   As used herein, the term "person" includes natural persons. Governments (agencies thereof), quasi-public entities, corporations, associations, partnerships, ventures and all and any other forms of organization.

5.   These request are directed to the Plaintiff, his attorneys, accountants, tax advisors, investment counselors, employees, agents and all other persons acting or purporting to act on his behalf.  These requests include all documents in the possession, custody, and control of such persons whether authored, prepared or recorded by the Plaintiff, or any other person.

6.   These requests are continuing in nature.  If further documents come into the knowledge or possession of the Plaintiff, supplementation by the Plaintiff to these request is required immediately.

## REQUESTS

## REQUEST NO. 1.

The Plaintiff's complete federal and state tax returns and related schedules since 2012, to the present including, but not limited to: tax returns, W-2 Forms, 1099 Forms, and amendments thereto.

## RESPONSE:


## REQUEST NO. 2

All periodic (monthly, quarterly, etc.) banks, stock brokerage firm, or other financial institution statements, relating to any portions or entirety of the period subsequent to January 1, 2012, to the present specifying inter alia, balances in any of your, your spouse's and/or any of your business entities' non-retirement "liquid" assets (e.g. bank accounts, money market funds, certificates of deposit, stock accounts, Treasury Bills, etc.); i.e., all post January 1, 2012 statements regarding all such assets in which, at the time, you, your spouse, and/ or any of your business entities; as well as all post- January 1, 2012 check registers, withdrawal slips and cancelled checks related to any and all such accounts.

## RESPONSE:


## REQUEST NO. 3.

2

All documents by and between the Plaintiff and any person which reference or describe the matters contained in the Complaint (or any subsequent Cross-Complaint and/or the Answer).

**RESPONSE:**


**REQUEST NO. 4.**

All documents which reference or describe any real property titled and/or owned by the Plaintiff.

**RESPONSE:**


**REQUEST NO. 5.**

All documents which were identified by the Plaintiff in her responses to Defendant's First Set of Interrogatories.

**RESPONSE:**


**REQUEST NO. 6.**

All documents by and between the Plaintiff and his employer from January 1, 2012 to present which describe or reference income to the Plaintiff including, but not limited to: paycheck stubs, pay period statements, promotion notifications, bonus notifications, benefit statements, W-2's retirement account contributions, stock-options notifications, deferred-payment statements, etc.

**RESPONSE:**


**REQUEST NO. 7.**

All documents you intend to introduce at the trial or any hearing in this matter.

**RESPONSE:**


**REQUEST NO. 8.**

3

All reports or any other correspondence relating to the facts and opinions of all of your proposed experts, (including but not limited to his/her final report).  Include Curriculum Vitae (CV) for each expert.

**RESPONSE:**

**REQUEST NO. 9.**

Any documentation you referenced in your Answers to Interrogatories, or from which you sought information in answering the interrogatories, not otherwise supplied in response to another request.

**RESPONSE:**

**REQUEST NO. 10.**

All of the following documents relating to any real estate in which you own any interest or in which any of your business entities has owned an interest in the past 5 years,:

a.  Deeds of trust or mortgages;
b.  Promissory notes;
c.  Most-recently received tax bills or notices of assessment; and
d.  All appraisal, evaluations, or assessments
e.  Settlement statements ("HUD-1" or similar forms) reflecting purchase, refinance and/ or sale of property
f.   Deeds
g.  Federal Form 1098 mortgage interest form statements.

**RESPONSE:**

Respectfully submitted,

JOSEPH E. SAUNDERS

45221 Woodstown Way
California, MD 20619
703.981.464

4

## CERTIFICATE OF SERVICE

I certify that on this 17th day of October 2013, a true and accurate copy of the Defendant's First Set of Production of Documents was sent, first class mail, postage prepaid to:

Angelia Y. Hawkes
13493 Wansteadt Place
Bristow, VA 20136

## UNITED STATES BANKRUPTCY COURT FOR THE
## DISTRICT OF MARYLAND
## AT GREENBELT

| | | |
|---|---|---|
| ANGELIA Y. HAWKES | ) | Case No: 13-18333 |
| (fka. Angelia Y. Saunders) | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| | ) | ADV. PROC. NO. |
| v. | ) | |
| | ) | |
| JOSEPH E. SAUNDERS | ) | |
| DEFENDANT, | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rule 36, you are hereby requested to respond to each matter of which an admission is requested. Each matter of which an admission is requested shall be deemed admitted unless, within 30 days after service of the request the party to whom the request is directed serves a response signed by the party or the party's attorney.

## INSTRUCTIONS:

a.  The matter of which an admission is requested shall be admitted unless, within 30 days after service of these requests, you provide a written answer or objection.

b.  Your answer must specifically admit or deny the matter, or set forth in detail the reasons why you cannot truthfully admit or deny the matter.

c.  Any denial must fairly meet the substance of the requested admission, and when good faith requires that you qualify your answer or deny only a part of the matter of which and admission is requested, you must specify so much of it as is true and qualify or deny the remainder.

d.  You may not give lack of information or knowledge as a reason for failure to admit or deny, unless you state that you have made reasonable inquiry and that the information know or readily obtainable by you is insufficient to enable you to admit or deny.

e.  You may not object to any request solely on the basis that the matter of which an admission has been requested presents a genuine issue for trial.

Exhibit 8

**<u>You are hereby requested to admit that:</u>**

1. On or about May 17, 2013, you were represented by counsel, Alexander E. Morgan, Esq, Virginia Bar No. 43580, of the Law Firm of Hartsoe & Morgan P.L.L.C.

   RESPONSE:

2. Your counsel, Alexander E. Morgan, Esq. filed an Affidavit and Petition for Rule of Show Cause against the Defendant on your behalf to be heard on May 17, 2012.

   RESPONSE:

3. During the Affidavit and Petition for Rule of Show Cause Hearing, the Defendant testified in court and presented evidence that a Petition for Bankruptcy had been filed.

   RESPONSE:

4. The Defendant entered into evidence at the May 17, 2012, Rule of Show Cause Hearing a copy of the Bankruptcy receipt. (Exhibit 3).

   RESPONSE:

5. The Plaintiff asked the Court, that the Defendant be incarcerated for 90 days and to pay the debt within 90 days.

   RESPONSE:

6. The Judge set the Rule of Show Cause for trial towards the end of his docket on May 17, 2012.

   RESPONSE:

7. During the Rule of Show Cause trial, the Plaintiff and the Defendant were placed on the witness stand.

   RESPONSE:

8. The Plaintiff asked the Defendant questions which related to his personal finances, specifically about a payment received from Angelia Hawkes Thrift Savings Plan.

RESPONSE:

9. The Plaintiff entered into evidence an Attorney's Fees Affidavit.  (Exhibit 4)

RESPONSE:

10. The Plaintiff asked the court that the Defendant be required to pay the Plaintiffs' Attorneys Fees and other costs incurred in connection with the Rule of Show Cause as per the Attorney's Fees Affidavit. (Exhibit 1)

RESPONSE:

11. The Court ADJUDGED, ORDERED, AND DECREED, the Rule of Show Cause is denied without prejudice to be refilled before Judge Kassabian, if the plaintiff is so inclined. (Exhibit 2)

RESPONSE:

12.  The Plaintiff Objected to the courts ORDER, as the Order was signed by the Counsel for the Plaintiff as SEEN and OBJECTED TO.  (Exhibit 2)

RESPONSE:

13. On or about September 10, 2013, the Plaintiff was served a copy of the Defendants Answer, Affirmative Defenses, and Counterclaim in re: to the Complaint to Determine Dischargeability of Debt under 11 U.S.C. 523(a) (15) filed by the Plaintiff. (Exhibit 5)

RESPONSE:

14.  To date, the Plaintiff has not filed with the Court or the Defendant an Answer to any Affirmative Defenses or Counterclaims served to the Plaintiff.

RESPONSE:

15. The Plaintiff is not a member of the United States Armed Forces.

RESPONSE:

Respectfully submitted,

JOSEPH E. SAUNDERS

3

45221 Woodstown Way
California, MD 20619
703.981.4647

## **CERTIFICATE OF SERVICE**

I certify that on this 18th day of October 2013, a true and accurate copy of the Defendant's First Set of Requests for Admission was sent, first class mail, postage prepaid to:

Angelia Y. Hawkes
13493 Wansteadt Place
Bristow, VA 20136

# UNITED STATES BANKRUPTCY COURT FOR THE
## DISTRICT OF MARYLAND
### AT GREENBELT

| | | |
|---|---|---|
| ANGELIA Y. HAWKES | ) | Case No: 13-18333 |
| (fka. Angelia Y. Saunders) | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | Adversary No. 13-00453 |
| v. | ) | |
| | ) | |
| JOSEPH E. SAUNDERS | ) | |
| **Defendant,** | ) | |
| | ) | |
| | ) | |

*Plaintiff's Response to First Set of Production of Documents*

## DEFENDANT'S FIRST SET OF PRODUCTION OF DOCUMENTS

Pursuant to Rule 34, you are requested to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control within 30 days after service of the Production of Documents: (A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or (B) any designated tangible things; or (2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

### INSTRUCTIONS:

1.   This request for production of documents is to be produced at 45221 Woodstown Way, California, Maryland, 20619.

2.   As used herein, the term "document" shall include, but not be limited to: recordings of any kind and the original or drafts of any kind of written or graphic matter, however produced, reproduced, or stored, of any kind or description, whether sent, received or neither and all copies thereof which are different in any way and include, but are not limited to: recordings of telephone conversations, interviews, meetings, and conferences.

3.   As used herein, the term "Plaintiff" means the Complainant, his assign, attorneys,

1

Exhibit 9

employees, agents, family members and all other persons acting or purporting to act on behalf of the Plaintiff.

4.  As used herein, the term "person" includes natural persons. Governments (agencies thereof), quasi-public entities, corporations, associations, partnerships, ventures and all and any other forms of organization.

5.  These request are directed to the Plaintiff, his attorneys, accountants, tax advisors, investment counselors, employees, agents and all other persons acting or purporting to act on his behalf.  These requests include all documents in the possession, custody, and control of such persons whether authored, prepared or recorded by the Plaintiff or any other person.

6.  These requests are continuing in nature.  If further documents come into the knowledge or possession of the Plaintiff, supplementation by the Plaintiff to these request is required immediately.

## REQUESTS

### REQUEST NO. 1.

The Plaintiff's complete federal and state tax returns and related schedules since 2012, to the present including, but not limited to: tax returns, W-2 Forms, 1099 Forms, and amendments thereto.

**RESPONSE:** Any and all documents and information relevant to this case are contained within this complaint; specifically, the final decree of divorce entered by Fairfax County Circuit Court. All other discovery requests are also broad, irrelevant, and unduly burdensome.

### REQUEST NO. 2

All periodic (monthly, quarterly, etc.) banks, stock brokerage firm, or other financial institution statements, relating to any portions or entirety of the period subsequent to January 1, 2012, to the present specifying inter alia, balances in any of your, your spouse's and/or any of your business entities' non-retirement "liquid" assets (e.g. bank accounts, money market funds, certificates of deposit, stock accounts, Treasury Bills, etc.); i.e., all post January 1, 2012 statements regarding all such assets in which, at the time, you, your spouse, and/ or any of your business entities; as well as all post- January 1, 2012 check registers, withdrawal slips and cancelled checks related to any and all such accounts.

**RESPONSE:** See response to Request No. 1

### REQUEST NO. 3.

2

All documents by and between the Plaintiff and any person which reference or describe the matters contained in the Complaint (or any subsequent Cross-Complaint and/or the Answer).

**RESPONSE:** See response to Request No. 1

## REQUEST NO. 4.

All documents which reference or describe any real property titled and/or owned by the Plaintiff.

**RESPONSE:** See response to Request No. 1

## REQUEST NO. 5.

All documents which were identified by the Plaintiff in her responses to Defendant's First Set of Interrogatories.

**RESPONSE:** See response to Request No. 1

## REQUEST NO. 6.

All documents by and between the Plaintiff and his employer from January 1, 2012 to present which describe or reference income to the Plaintiff including, but not limited to: paycheck stubs, pay period statements, promotion notifications, bonus notifications, benefit statements, W-2's retirement account contributions, stock-options notifications, deferred-payment statements, etc.

**RESPONSE:** See response to Request No. 1

## REQUEST NO. 7.

All documents you intend to introduce at the trial or any hearing in this matter.

**RESPONSE:** See response to Request No. 1

## REQUEST NO. 8.

3

All reports or any other correspondence relating to the facts and opinions of all of your proposed experts, (including but not limited to his/her final report). Include Curriculum Vitae (CV) for each expert.

**RESPONSE:** *See response to Request No. 1*

**REQUEST NO. 9.**

Any documentation you referenced in your Answers to Interrogatories, or from which you sought information in answering the interrogatories, not otherwise supplied in response to another request.

**RESPONSE:** *See response to Request No. 1*

**REQUEST NO. 10.**

All of the following documents relating to any real estate in which you own any interest or in which any of your business entities has owned an interest in the past 5 years,:

    a. Deeds of trust or mortgages;
    b. Promissory notes;
    c. Most-recently received tax bills or notices of assessment; and
    d. All appraisal, evaluations, or assessments
    e. Settlement statements ("HUD-1" or similar forms) reflecting purchase, refinance and/ or sale of property
    f. Deeds
    g. Federal Form 1098 mortgage interest form statements.

**RESPONSE:** *See response to Request No. 1*

Respectfully submitted,

JOSEPH E. SAUNDERS

45221 Woodstown Way
California, MD 20619
703.981.464

*B493 Wansteadt Place
Bristow, VA 20136*

*Respectfully submitted
Angelia Hawkes*
Angelia Hawkes

4

## CERTIFICATE OF SERVICE

I certify that on this 17ᵗʰ *7th* *November* day of October 2013, a true and accurate copy of the Defendant's First Set of Production of Documents was sent, first class mail, postage prepaid to:

Angelia Y. Hawkes
13493 Wansteadt Place
Bristow, VA 20136

Joseph E. Saunders
45221 WoodStaun Way
California MD 20619

Signed: Angelia Hawkes
Angelia Hawkes

# UNITED STATES BANKRUPTCY COURT FOR THE
## DISTRICT OF MARYLAND
## AT GREENBELT

ANGELIA Y. HAWKES          )          Case No: 13-18333
   (fka. Angelia Y. Saunders)  )
       PLAINTIFF,         )
                )
v.                         )          Adversary No. 13-00453
                )
JOSEPH E. SAUNDERS         )
       DEFENDANT,          )
                )
                )

*Plaintiff's Responses to First Set of Requests for Interrogatories*

## ~~DEFENDANT'S FIRST SET OF REQUESTS FOR INTERROGATORIES~~

Pursuant to Rule 33, you are requested to answer the following interrogatories. The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.

## YOU ARE HEREBY REQUESTED TO RESPOND

1. Please provide a) your current residential address, b) how long have you resided at that address, c) your occupation, d) the name and address of your employer, and c) your social security number [use a privacy addendum]. *Any and all documents and information relevant to this case are contained within this complaint, specifically, the Final Decree of Divorce entered by Fairfax County Circuit Court. All other discovery requests are overbroad, irrelevant, and unduly burdensome.*

2. Give the following information as to all real estate interest held in your name, individually or jointly with any other person, or by any legal entity in which you have more than a 10% ownership interest, including all real estate interest currently held a) the type of property (i.e., house condominium, etc.) b) the address of the property, c) the name, address, and telephone number and percentage interest of all owners, d) the date the property was acquired,

1

*Exhibit 10*

e) deed, and f) the present value of the property. *See response to No 1*

3.  Provide the following information as to all bank accounts owned by you individually, or jointly with any other person: a) the name and address of the bank in which the account is held, b) the type of account, c) the percentage interest of all owners, d) the account number, and e) the present balance of the account. *See response to No. 1*

4.  For each of the attached Request for Admissions for which you give any response other than a complete admission, please explain the reason why you cannot admit the request, and the basis for your belief. *See response to No. 1*

5.  Identify each person whom the Plaintiff expect to call as an expert witness and, for each such person identified state: the subject matter on which he is expected to testify: the substance of the facts and opinion to which he is expected to testify, and summary of grounds of each opinion. *See response to No. 1*

6.  Provide the following information as to all checking, savings, credit union and money market accounts, or CD's, held in the name of the Plaintiff regardless of whether such accounts are held individually or jointly name of institution; type of account; account number; how the accounts is titled; and the present value. *See response to No. 1*

7.  Provide the following as to any annuities, mutual funds, stocks, bonds, U.S. Savings Bonds or other securities or investments funds, (exclusive of IRA's and other retirement funds) owned by you individually or jointly with any other person(s): description of assets and issuing entity: by whom owned: and present value. *See response to No. 1*

2

8. Provide the following information as to your Individual Retirement Account

(IRA), KEOUGH Plan, SEP (Simplified Employee Pension) accounts, 401(k) accounts, 403(b) (tax

deferred annuities) accounts, Thrift Savings Plan or other similar retirement accounts including

defined benefit, money purchase, target benefit and other profit-sharing plans: name of

institutions, type of account, account number; how titled; and present value. *See response to No. 1*

9. Identify all the Plaintiff's employers in the last five years, including present

employment, and for each such employer, provide the following information: name and

address, position, years of service, and annual salary and benefits. *See response to No. 1*

Respectfully submitted,

*13493 Wansteadt Place*
*Bristow, VA 20136*
45221 Woodstown Way
California, MD 20619
703.981.4647

JOSEPH E. SAUNDERS

*Respectfully submitted*
*Angelia Hawkes*
*Angelia Hawkes*

## CERTIFICATE OF SERVICE

I certify that on this 18th day of ~~October~~ *November* 2013, a true and accurate copy of the Defendant's
First Set of Interrogatories was sent, first class mail, postage prepaid to:

Angelia Y. Hawkes
13493 Wansteadt Place
Bristow, VA 20136

*Joseph E. Saunders*
*45221 Woodstown Way*
*California, MD 20619*

3

# UNITED STATES BANKRUPTCY COURT FOR THE
## DISTRICT OF MARYLAND
### AT GREENBELT

ANGELIA Y. HAWKES )            Case No: 13-18333
    (fka. Angelia Y. Saunders) )
        Plaintiff, )
         )
v. )
         )            Adversary No. 13-00453
JOSEPH E. SAUNDERS )
        Defendant, )
         )

*Plaintiff's Responses to First Set of Requests for Admission*

## ~~DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION~~

Pursuant to Rule 36, you are hereby requested to respond to each matter of which an admission is requested. Each matter of which an admission is requested shall be deemed admitted unless, within 30 days after service of the request the party to whom the request is directed serves a response signed by the party or the party's attorney.

## INSTRUCTIONS:

a. The matter of which an admission is requested shall be admitted unless, within 30 days after service of these requests, you provide a written answer or objection.

b. Your answer must specifically admit or deny the matter, or set forth in detail the reasons why you cannot truthfully admit or deny the matter.

c. Any denial must fairly meet the substance of the requested admission, and when good faith requires that you qualify your answer or deny only a part of the matter of which and admission is requested, you must specify so much of it as is true and qualify or deny the remainder.

d. You may not give lack of information or knowledge as a reason for failure to admit or deny, unless you state that you have made reasonable inquiry and that the information know or readily obtainable by you is insufficient to enable you to admit or deny.

e. You may not object to any request solely on the basis that the matter of which an admission has been requested presents a genuine issue for trial.

1

*Exhibit 11*

*Any and all discovery request seeking disclosure are irrelivent. All information relevant to this case are contained within the complaint, specifically the Final Decree of Divorce entered by Fairfax County Circuit Court. All other discovery requests are overbroad, irrelevant, and unduly burdensome.*

## You are hereby requested to admit that:

1. On or about May 17, 2013, you were represented by counsel, Alexander E. Morgan, Esq. Virginia Bar No. 43580, of the Law Firm of Hartsoe & Morgan P.L.L.C.

   RESPONSE: Admit

2. Your counsel, Alexander E. Morgan, Esq. filed an Affidavit and Petition for Rule of Show Cause against the Defendant on your behalf to be heard on May 17, 2012.

   RESPONSE: Admit

3. During the Affidavit and Petition for Rule of Show Cause Hearing, the Defendant testified in court and presented evidence that a Petition for Bankruptcy had been filed.

   RESPONSE: Admit in part, denied in part

4. The Defendant entered into evidence at the May 17, 2012, Rule of Show Cause Hearing a copy of the Bankruptcy receipt. (Exhibit 3).

   RESPONSE: Admit in part, denied in part

5. The Plaintiff asked the Court, that the Defendant be incarcerated for 90 days and to pay the debt within 90 days.

   RESPONSE: Admit in part, denied in part

6. The Judge set the Rule of Show Cause for trial towards the end of his docket on May 17, 2012.

   RESPONSE: Admit

7. During the Rule of Show Cause trial, the Plaintiff and the Defendant were placed on the witness stand.

   RESPONSE: Do not remember

8. The Plaintiff asked the Defendant questions which related to his personal finances, specifically about a payment received from Angelia Hawkes Thrift Savings Plan.

RESPONSE: *Admit in part, denied in part*

9. The Plaintiff entered into evidence an Attorney's Fees Affidavit. (Exhibit 4)

RESPONSE: *Do not recall*

10. The Plaintiff asked the court that the Defendant be required to pay the Plaintiffs' Attorneys Fees and other costs incurred in connection with the Rule of Show Cause as per the Attorney's Fees Affidavit. (Exhibit 1)

RESPONSE: *Admit in part, denied in part*

11. The Court ADJUDGED, ORDERED, AND DECREED, the Rule of Show Cause is denied without prejudice to be refiled before Judge Kassabian, if the plaintiff is so inclined. (Exhibit 2)

RESPONSE: *The order speaks for itself*

12. The Plaintiff Objected to the courts ORDER, as the Order was signed by the Counsel for the Plaintiff as SEEN and OBJECTED TO. (Exhibit 2)

RESPONSE: *The order speaks for itself*

13. On or about September 10, 2013, the Plaintiff was served a copy of the Defendants Answer, Affirmative Defenses, and Counterclaim in re: to the Complaint to Determine Dischargeability of Debt under 11 U.S.C. 523(a) (15) filed by the Plaintiff. (Exhibit 5)

RESPONSE: *I am uncertain of the date*

14. To date, the Plaintiff has not filed with the Court or the Defendant an Answer to any Affirmative Defenses or Counterclaims served to the Plaintiff.

RESPONSE: *I am uncertain if an actual counterclaim has been filed to the extent one has been filed. I am filing an answer.*

15. The Plaintiff is not a member of the United States Armed Forces.

RESPONSE: *Admit*

Respectfully submitted,

JOSEPH E. SAUNDERS

*Respectfully submitted,*

*Angelia Hawkes*

*Angelia Hawkes*

3

~~45221 Woodstown Way~~
~~California, MD 20619~~
~~703.981.4647~~

13493 Wanstead Place
Bristow, VA 20136

~~Exhibits 1 thru 5 enclosed.~~

## CERTIFICATE OF SERVICE

7th November

I certify that on this 18th day of October 2013, a true and accurate copy of the Defendant's First Set of Requests for Admission was sent, first class mail, postage prepaid to:

~~Angelia Y. Hawkes~~
~~13493 Wanstead Place~~
~~Bristow, VA 20136~~

Joseph E Saunders
45221 Woodstown Way
California, MD 20619

Signed    *Angelia Hawkes*
Angelia Hawkes

4

Joseph E. Saunders
45221 Woodstown Way
California, Maryland 20619


November 9, 2013


Angelia Hawkes
13493 Wansteadt Place
Bristow, Virginia 20136

**DEFENDANT'S DISCOVER DEFICIENCY LETTER**

     I am in receipt of your discovery responses received on November 9, 2013. They are inadequate, defective, evasive, and incomplete. Therefore, your responses must be treated as a failure to disclose, answer, or respond. You must correct these deficiencies and forward your corrected responses to 45221 Woodstown Way, California, Maryland 20619, no later than Monday, November 18, 2013; if not received by the due date a Motion to Compel Discovery will be filed; and cost will be accessed. The deficiencies are as follows:

1. No documents were received in reference the complete Production of Documents numbers 1 through 10.

2. No responses were received in reference the complete request for Interrogatories numbers 1 through 9.

3. The request for Admissions numbers 3, 4, 5, 8, 10, the Plaintiff did not identify which part is admitted to and/or which part is denied.

4. The request for Admissions numbers 7, 9, 11, 12, 13, 14 requires an admission or a denial; if denied you must explain why it is denied.

Exhibit 12

5.  Responses were handwritten and are not legible, confusing and not in the standard of the
    U.S. Bankruptcy Court.

6.  Discovery documents you received from the Defendant propounding discovery were
    lined through, scratched out, and/or written over by the Plaintiff, in attempts to not take
    the time to properly respond to discovery.

Sincerely,

Joseph Saunders

## **CERTIFICATE OF SERVICE**

I certify that on this 10th day of November 2013, a true and accurate copy of the
Defendant's Discovery Deficiency Letter was sent, first class mail, postage prepaid to:

Angelia Y. Hawkes
13493 Wansteadt Place
Bristow, VA 20136