Entered: February 28, 2014    Case 13-00453    Doc 31    Filed 02/28/14    Page 1 of 3

Signed: February 27, 2014

**SO ORDERED**



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| JOSEPH E. SAUNDERS | : | Case No. 13-18333PM |
|         Debtor | : | Chapter 7 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| ANGELIA Y. HAWKES | : | |
|         Plaintiff | : | |
| vs. | : | Adversary No. 13-00453PM |
| | : | |
| JOSEPH E. SAUNDERS | : | |
|         Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

## MEMORANDUM OF DECISION

This case came before the court on the Plaintiff's complaint for a determination that $7,500.00 for attorney's fees awarded by the Circuit Court of Fairfax County, Virginia, in Case No. 2011-14277, entered July 16, 2012, is excepted from the Debtor's discharge by virtue of 11 U.S.C. § 523(a)(15). The Debtor filed a counterclaim for violation of the automatic stay of 11 U.S.C. § 362(a) in connection with the action to enforce that award prosecuted after the Plaintiff was advised of the filing of the petition commencing this bankruptcy case.

As admitted by the Debtor at the hearing, the award of $7,500.00 is excepted from his discharge in this bankruptcy case under Chapter 7. Section 523(a)(15) of the Bankruptcy Code provides:

> **§ 523. Exceptions to discharge**
>
> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

The award was made in connection with a Final Decree of Divorce in accordance with Virginia law. If the Debtor had not conceded this, the court would have granted summary judgment in favor of the Plaintiff upon the filing of a motion therefor.

But, this does not end the proceeding. The Debtor filed a counterclaim based on the Plaintiff's continuing to prosecute the Show Cause action in violation of the automatic stay. The Debtor seeks sanctions of $20,000.00 on account of that violation in this adversary proceeding. While the better practice is to bring actions for violation of the stay by way of a contempt action (*cf. Barrientos v. Wells Fargo Bank, NA*, 633 F.3d 1186 (CA6 2011); *In re Diaz*, 647 F.3d 1073, 1085 (CA11 2011); *In re Pace*, 67 F.3d 187 (CA9 1995); *In re C.W. Mining Co.*, 431 B.R. 307 (B.A.P. 10 2009)), in the circumstances presented here, judicial economy and the convenience of the parties are better served by bundling the complaint with the Debtor's claim. To decide that claim, first, the court must determine if the violation of the automatic stay was willful. Section 362(k)(1) of the Bankruptcy Code provides: ". . . , an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

The Debtor is obviously an individual for purposes of 11 U.S.C. § 362(k) and has standing to invoke a claim for his damages. He is not entitled to attorney's fees as no attorney was employed by him either in defense of the state court action or in this counterclaim. *In re Fitzpatrick*, 468 B.R. 391, 394 (BC C.D. Cal. 2012).

A willful violation of the stay does not require specific intent to violate the stay. *In re Bloom*, 875 F.2d 224, 227 (CA9 1989). When a creditor engages in conduct that violates the automatic stay, with the knowledge that a bankruptcy petition had been filed, it is a willful violation of the stay subjecting the creditor to liability for damages under 11 U.S.C. § 362(k). *In re Roete,* 936 F.2d 963, 965 (CA 7 1991). The Plaintiff's actions in pursuing the Petition for a Rule to Show Cause were deliberately done with knowledge that this bankruptcy case was pending. In order to demonstrate that an act is in violation of 11 U.S.C. § 362(k)(1), a debtor bears the burden of establishing, by a preponderance of the evidence, that the creditor knew of the automatic stay and intended the actions that constituted the violation. No specific intent is

required.  *See, e.g. In re Chesnut*, 422 F.3d 298, 302 (CA5 2005); *Fleet Mortg. Group, Inc. v. Kaneb*, 196 F.3d 265, 269 (CA1 1999); *In re Bloom*, 875 F.2d at 227.  Notice of the bankruptcy filing need not be formal or official to put a creditor on notice.  *See, e.g., Green Tree Servicing, LLC v.Taylor,* 369 B.R. 282, 286-87 (S.D. W.Va. 2007)(collecting cases); *In re Bedford Town Condo.*, 2010 WL 3777826 (BC Md. 2010).  In *Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (CA4 1983), the Fourth Circuit restated the comments of the Committee of the Judiciary:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from its creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

(*quoting* S. Rep. No. 95-989, 95th CONG., 2d Sess. 54-55 (1978)).  The automatic stay is the cornerstone of the Bankruptcy Code.  *In re Cenargo Int'l  PLC,* 294 B.R. 571, 597 (BC S.D.N.Y. 2003).  Sanctions are particularly appropriate when, as here, the party was seeking an order holding the Debtor in contempt and that he be incarcerated.  The Debtor urges that, because the Plaintiff's attorney urged the court to incarcerate him for 90 days in the course of the hearing, he was caused anxiety, stress and embarrassment, particularly since she sought to have him locked up so that he would be unable to attend the graduation ceremony of their oldest son.

The court finds that it is appropriate to award the Debtor damages on account of the Plaintiff's violation of the automatic stay, although the Debtor failed to offer evidence to support the magnitude of damage sought by him.  The Debtor did suffer emotional distress and need not have submitted expert testimony to support this claim.  The court therefore will allow an award of $3,000.00 to the Debtor on account of the Plaintiff's knowing violation of the stay.  The Plaintiff may satisfy this judgment by crediting the state court judgment.


cc:     Angelia Y Hawkes
        13493 Wansteadt Place
        Bristow, VA 20136

        Joseph E Saunders
        45221 Woodstown Way
        California, MD 20619

**End of Memorandum of Decision**